UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FEDERICO VASQUEZ, | No. 2:14-cv-0322 AC |
| Petitioner, | |
| v. | ORDER |
| CONNIE GIPSON, | |
| Respondent. | |

It has come to the attention of the court that the state court record lodged by respondent does not include a copy of the California Supreme Court's January 23, 2013 order denying habeas relief. Instead, respondent has submitted a docket report from the California Supreme Court, indicating that the petition was denied on that date. Lodged Doc. 9. This court's review under 28 U.S.C. § 2254(d) must proceed on the basis of the *contents* of the denial order itself, not on the fact of its existence. The practice of submitting the California Supreme Court docket reports does not permit the court to perform the review required by 28 U.S.C. § 2254.

The undersigned is aware from experience that California Supreme Court docket sheets generally do accurately reflect the content of orders denying habeas relief, including any citations to a procedural bar. But a docket report is not an order, and it does not conclusively establish the contents of the orders it references. A docket report summarizes the procedural history of a case. It documents the fact that relief was denied, but does not establish to this court's satisfaction the

contents of the order denying relief.  The presence or absence of any stated reason for denial, no matter how briefly identified, or any citation to authority, has potential consequences for review under § 2254.  See Cullen v. Pinholster, 131 S. Ct. 1388, 1399 (2011) (focus of 2254(d) review is "what a state court. . . did"); Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991) (where state court's denial is unexplained, federal court must "look through" it to last reasoned decision); Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc) (where state court's denial is explained, federal court's analysis is limited to its actual reasoning and analysis); Cone v. Bell, 556 U.S. 449, 472 (2009) (where state court denial rests on procedural ground, federal court conducts de novo review of merits).  In light of this court's duty to review what the state court actually did, the lodged state court record must include all state court orders denying relief.  A docket report or similar substitute is not sufficient.

      Accordingly, counsel for respondent is HEREBY ORDERED to file (or lodge in paper), within 30 days after the filing date of this order, a copy of the California Supreme Court's order dated January 23, 2013, denying petitioner's habeas petition.

DATED: June 22, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE